**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD SANCHEZ, Jr., | No. 11-17636 |
| Petitioner - Appellant, | D.C. No. 2:01-cv-01694-LKK-KJN |
| v. | |
| RALPH M. DIAZ, Warden; YARBOROUGH; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted May 13, 2014[**]
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Edward Sanchez, Jr., appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The issues certified for appeal were (1) whether the jury committed misconduct during deliberations by speculating that Sanchez would be "out in five years" if he were found not guilty by reason of insanity; (2) whether a juror committed misconduct by preparing a homemade chart and bringing it into the jury room for deliberations; (3) whether trial counsel acted ineffectively when he waived Sanchez's jury misconduct claims by failing to argue orally the claims at the motion for a new trial; and (4) whether trial counsel was ineffective for failing to object or request an admonishment when the prosecutor, in violation of an in limine ruling, elicited testimony that the State's experts were appointed by the court.

We share the district court's discomfort with this case. However, we cannot say that the California state courts' adjudication of Sanchez's claims was "objectively unreasonable" or contrary to clearly established Supreme Court precedent. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Even if trial counsel's failure to argue the jury misconduct claims fell below an objective standard of reasonableness, *see Strickland v. Washington*, 466 U.S.

668, 688 (1984), testimony adduced at trial reasonably supports a conclusion that any jury misconduct did not affect the verdict.  Similarly, even if trial counsel's decision to refrain from requesting an admonition was unreasonable, Sanchez has not shown a reasonable probability that the verdict would have been different had the jury been admonished.  *See id.* at 694.

Sanchez does not challenge the California state courts' conclusion that his jury misconduct claims are procedurally defaulted.  However, he argues that the ineffective assistance of his trial counsel establishes "cause" to excuse the procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Because his trial counsel's assistance was not constitutionally ineffective, Sanchez cannot establish cause to excuse his procedural default.

We have considered Sanchez's assertion that failure to grant the requested habeas relief will result in a fundamental miscarriage of justice, and are not persuaded.  *See Wood v. Ryan*, 693 F.3d 1104, 1117–18 (9th Cir 2012) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)), *cert. denied*, 134 S.Ct. 239 (2013).

**AFFIRMED.**